UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WILLIE C. HANKERSON, | Case No. 17-CV-0295 (MJD/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| DENESE WILSON; HAROLD WATTS; PAUL LAIRD; THOMAS SHELDRAKE; INA CONNORS; ERNIE FRIE; WILLIAMS FORREST; DENNIS MELICK; DOUGLASS W. CORLESS; JOEL HOFFMAN; ESTELA DERR; JOHN SEDWICK; MICHELL H. BURNS; and KARLA HOTIS DELORD, Individual Capacity and Official Capacity, | |
| Defendants. | |

---

Plaintiff Willie C. Hankerson was previously incarcerated at the Federal Correctional Institution at Sandstone, Minnesota ("FCI-Sandstone") pursuant to a conviction and sentence imposed by the United States District Court for the District of Columbia. *See United States v. Hankerson*, No. 1:01-CR-0140-RCL (D.D.C. filed Apr. 20, 2001). Hankerson alleges that his release date was wrongly calculated by the Federal Bureau of Prisons, which caused him to be released from prison 38 months later than he believes he was entitled. Hankerson also alleges that he became blind during that allegedly wrongful period of imprisonment. As a result, Hankerson seeks monetary damages from fourteen governmental defendants, a termination of his ongoing supervised release, and expenses related to his medical care and treatment.

Hankerson did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 5. After review of the IFP application, this Court

-1-

concludes that Hankerson qualifies financially for IFP status.[1] That said, an IFP application may be denied and an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

---

[1] Because Hankerson is no longer a prisoner, he is not required to pay an initial partial filing fee at the outset of this case before proceeding. *See* 28 U.S.C. § 1915(b), (h).

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Put another way, a plaintiff must demonstrate a favorable termination of his conviction or sentence in order to pursue claims that would necessarily imply the invalidity of that conviction or sentence. *See Marlowe v. Fabian*, 676 F.3d 743, 746-47 (8th Cir. 2012). Although phrased in terms of claims brought pursuant to 42 U.S.C. § 1983, the *Heck* doctrine is similarly applied to analogous claims brought against federal officials pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), as raised by Hankerson in this matter.[2] *See Washington v. Sorrows*, 107 F.3d 879 (8th Cir. 1997) (unpublished table disposition).

Hankerson has challenged the validity of the length of his sentence on several occasions — before the trial court, *see Hankerson*, No. 1:01-CR-0140-RCL, ECF Nos. 38, 44, 46, 58, 67; before the United States Court of Appeals for the District of Columbia, *see, e.g.*, *In re Hankerson*, No. 15-3029 (D.C. Cir filed Apr. 29, 2015); before the Federal Bureau of Prisons, *see* ECF No. 1-1 at 2-8; in a habeas corpus petition filed in the United States District Court for the District of Arizona, *see Hankerson v. Smith*, No. CV 11-1479-JWS (MHB) (D. Ariz. Feb. 28, 2012) (under seal), and before this Court, *see Hankerson v. Wilson*, No. 14-CV-3425 (MJD/JSM) (D. Minn. filed Sept. 10, 2014) — but never has that sentence been reversed, expunged, declared invalid, or otherwise called into question. Hankerson's claim that the final 38 months of his incarceration amounted to the imposition of false imprisonment by federal officials is entirely premised on the invalidity of that sentence. Accordingly, the claim is squarely foreclosed by

---

[2] To the extent that Hankerson attempts to bring claims under state law, he has not pleaded a basis for the Court's original jurisdiction over those claims, and the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

*Heck*.³ This claim must therefore be dismissed without prejudice. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (dismissal of claim pursuant to *Heck* modified to be without prejudice so that plaintiff may refile complaint should he succeed in challenging the legality of his conviction or sentence).

Hankerson also suggests that prison officials were deliberately indifferent to his deteriorating eyesight during his period of incarceration. This claim is not subject to the *Heck* doctrine; even if Hankerson's term of incarceration was correctly calculated and entirely lawful, he would still be entitled to bring claims alleging that the conditions of that lawful confinement fell below the standard required by the federal constitution. Nevertheless, this Court recommends that this claim also be dismissed without prejudice, as Hankerson has failed to state a claim on which relief may be granted against any defendant named to this action. To begin, although Hankerson alleges that his eyesight deteriorated during his term of imprisonment, he does not allege how federal officials were responsible for that deterioration, either through their action or inaction. Indeed, the exhibits attached to Hankerson's complaint tend to demonstrate that his condition was evaluated and that courses of treatment were suggested by medical officials during his incarceration at FCI-Sandstone. *See* ECF No. 2 at 48-56. Just as importantly, Hankerson does not include any allegations showing that any specific defendant acted with deliberate indifference. "[I]t is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 or *Bivens* claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quotation omitted); *accord Bailey v. Schmidt*,

---

³ Although Hankerson is no longer incarcerated, the Eighth Circuit has found that *Heck* applies even where a prisoner is no longer in custody and therefore cannot seek habeas corpus relief from his conviction or sentence. *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). In any event, Hankerson's complaint suggests that he is on supervised release and therefore remains "in custody" for purposes of 28 U.S.C. § 2241. Hankerson may therefore continue to seek relief through a petition for a writ of habeas corpus — albeit not in this District, where he is no longer confined and which had nothing to do with the imposition of sentence. *See* 28 U.S.C. § 2241(a).

239 Fed. App'x 306, 308 (8th Cir. 2007) (per curiam). Thus, even if Hankerson had adequately alleged that his worsening eyesight was the result of *someone's* deliberate indifference (and he has not), Hankerson has failed to allege *whose* deliberate indifference led to his injuries. Hankerson's deliberate-indifference claim is therefore not viably pleaded and should be dismissed. Because that claim may be amenable to repleading, however, it is recommended that the deliberate-indifference claim also be dismissed without prejudice.

Finally, Hankerson has requested that counsel be appointed to represent him in this matter. *See* ECF No. 3. Pro se litigants such as Hankerson do not have a constitutional or statutory right to counsel in civil cases. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." *Id*. (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986)). Hankerson's central claim is foreclosed until his conviction is expunged, vacated, or otherwise invalidated — relief that must come from outside this District. Counsel appointed to assist Hankerson in this matter would be of no practical assistance in that regard. With respect to Hankerson's deliberate-indifference claim, the factual allegations underpinning that claim should not be unduly complex, and it is well within Hankerson's ability as a litigant to set forth those allegations adequately. Accordingly, it is recommended that the motion for appointment of counsel be denied.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff Willie C. Hankerson's application to proceed *in forma pauperis* [ECF No. 5] be DENIED.

3. Hankerson's motion for appointment of counsel [ECF No. 3] be DENIED.

Dated: March 27, 2017       s/ *Steven E. Rau*
　　　　　　　　　　　　　　Steven E. Rau
　　　　　　　　　　　　　　U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.